UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**William H. McDermott,**

                        **Plaintiff,**

                **-v-**                                            **02-CV-607 (NAM)**

**Great American Alliance Insurance Co., formerly
known as American Alliance Insurance Co.,**

                        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Office of William S. Andrews
William S. Andrews, Esq., of Counsel
615 Allen Street
Syracuse, New York 13210
Attorney for Plaintiff

Boeggeman, George, Hodges & Corde, P.C.
George S. Hodges, Esq., of Counsel
11 Martine Avenue
White Plains, New York 10606
and
Foran, Glennon, Palandeck & Ponzi
Matthew S. Ponzi, Esq., of Counsel
Thomas B. Orlando, Esq., of Counsel
150 South Wacker Drive
Chicago, Illinois 60606
Attorneys for Defendant

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Defendant moves for summary judgment determining the applicable policy limits in this dispute between plaintiff, the owner of a college fraternity house at 50 Tompkins Street in Cortland, New York ("Tompkins Street property"), and defendant, the insurer of the property.

For the reasons set forth herein, the Court grants defendant's motion for summary judgment to the extent that it seeks a ruling that the limits of liability under the Master Policy for plaintiff's building, contents and rents are $550,000, $82,500, and $82,500, respectively.

## FACTS

Plaintiff and Zeta Omicron Chapter of the Pi Kappa Phi fraternity ("fraternity"), the fraternity which rented the Tompkins Street property from plaintiff, entered into a lease effective August 27, 2001.[1]  The lease required the fraternity to obtain building coverage of not less than $550,000.  The property insurance application which the fraternity submitted to FRMT (and which plaintiff helped prepare) set forth the following coverage information: $500,000 building limit (replacement cost); $75,000 contents limit (replacement cost) and $75,000 loss of rents limit.[2]  Plaintiff was listed as the property owner.

On July 12, 2001, Edward E. Kirklin, an insurance broker,[3] added the property to a Master Policy issued to Fraternity Risk Management Trust ("FRMT"), an unincorporated

---

[1] Although the lease term commenced August 27, 2001, plaintiff allowed fraternity members to live at the premises after July 12, 2001.

[2] It is not necessary for purposes of this motion to determine whether, as plaintiff contends, this information reflected the previous coverage, or, as defendant contends, it reflected the requested coverage.

[3] It is undisputed that Kirklin acted as broker for FRMT and its member fraternities.  It is also undisputed that Kirklin had authority to act for defendant to some extent, including the authority to issue the Evidence of Property Insurance effectively adding the Tompkins Street property to the Master Policy.  Beyond this, it is not necessary on this motion to consider whether and to what degree he was an agent of defendant.

association of 12 separate member fraternities. [4]  Plaintiff was named as an additional insured. On that date, Kirklin issued an Evidence of Property Insurance certificate which certified coverage on the Tompkins Street property as follows: $500,000 building coverage; $75,000 business personal property coverage; and $75,000 business income coverage, to expire on October 1, 2001.  The issuance of the Evidence of Property Insurance by Kirklin effectively added the Tompkins Street property to the Master Policy as of July 12, 2001. [5]

The Declaration page of the Master Policy in effect on the date of loss provides in part:

> DESCRIBED PREMISES:
> At the locations specified below, insurance is provided for those coverages for which a Limit of Insurance has been inserted:
>
> Location:        Building:         Address:
> **As per Statement of Values on file**
>
> BUILDING, BUSINESS PERSONAL PROPERTY and BUSINESS INCOME INCLUDING EXTRA EXPENSE:
> Blanket Limit $5,000,000 (not to exceed 110% of the value shown if the values for the building coverage are less than $90 per square foot) for the damaged location on the schedule on file at the time of loss, with Kirklin & Company, LLC at 12231 Emmet Street, Suite 5, Omaha, NE 68164 and Agricultural Excess & Surplus Insurance Company at 49 East Fourth Street, Suite 300 Cincinnati, OH 45202.
>
> VALUATION: Replacement Cost - Agreed Amount

---

[4] According to defendant, the purpose of the association is to enable local chapters and housing corporations of the member fraternities to obtain insurance under one program.  The Master Policy insures between 500 and 600 fraternity locations.

[5] Carolyn Miller, an underwriter and employee of defendant, testified that Kirklin had the authority to add locations to the Master Policy, and that therefore, once he issued the Evidence of Property Insurance certificate, the certificate was effectively part of the Schedule of Values on file with defendant.  This was so even in cases where defendant was not yet actually in possession of the quarterly schedule identifying added locations. There is no evidence to the contrary.

The Declaration page also sets forth limits for losses "NOT AT A DESCRIBED PREMISES" for "Newly Acquired or Constructed Locations." For such properties, the policy provides limits of $1 million for the building, $1 million for the contents, and $100,000 for the loss of business income. The Building and Personal Property Coverage endorsement to the Master Policy describes "Newly Acquired or Constructed Property" as follows:

> 1. Newly Acquired or Constructed Property
>     a. You may extend the insurance that applies to Building to apply to:
>         (1) your new buildings while being built on the described premises;
>         (2) buildings you acquire at locations, other than the described premises, intended for:
>             (a) similar use as the building described in the declaration; or
>             (b) use as a warehouse.
> ***

On August 11, 2001, as a result of a fire at the property, plaintiff sustained a loss to the building and contents, and a resultant loss of rents. The property loss notice asserted coverage amounts of $500,000 for the building, $75,000 for the contents, and $75,000 for lost rents. Defendant reimbursed plaintiff under the Master Policy in the amount of $494,870.89 for the building, $10,000 for the contents, and $43,500 for the loss of rents. Defendant's position is that its liability under the Master Policy is limited to $550,000 for the building, $82,500 for the contents and $82,500 for lost rents. [6]

Plaintiff contends that the coverage limits in the Master Policy for "newly acquired" buildings applies, that is, $1 million for the building, $1 million for the contents, and $100,000

---

[6] As defendant points out, although the Evidence of Property Insurance sets forth coverage of $500,000, $75,000 and $75,000 for the building, contents and lost rents respectively, the Master Policy limits defendant's liability in some cases to 110 percent of the value of the property reported for the location, that is, $550,000, $82,500 and $82,500.

for the loss of business income.  Plaintiff seeks to recover an additional $505,129.20 for the building, $138,512.42 for the contents and $56,500 for loss of rents.  In his amended complaint, filed in New York State Supreme Court, County of Cortland, in April 2002, and removed to district court on May 2, 2002, plaintiff seeks to recover $792,641.11.

The case presents two issues: first, what limits of liability apply to the losses under the policy, and, second, whether plaintiff is entitled to any additional insurance proceeds up to the applicable limits as determined by the Court.  This motion concerns only the first issue, that is, construction of the relevant documents to determine the applicable coverage limits. [7]

## APPLICABLE LAW

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial.  *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989).  If the nonmovant fails to carry this burden, summary judgment is appropriate.  See

---

[7]

Although the Notice of Motion seeks summary judgment dismissing the complaint, defendant's Memorandum of Law states:
> This motion is limited to the threshold liability issue. Great American seeks a ruling that the limits of liability under the Master Policy for McDermott's Building, contents and rents are $550,000, $82,500, and $82,500, respectively. Once the limits of liability are determined by the Court, the parties can then proceed to a trial on the sole issue of whether McDermott is entitled to any additional insurance proceeds up to the limits of liability as declared by the Court.

*Celotex*, 477 U.S. at 323.

It is axiomatic that it is the responsibility of the court to interpret written instruments. *See Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 (1973). Thus, where the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court. *See Town of Harrison v. National Union Fire Insurance. Co.*, 89 N.Y.2d 308, 316 (1996).

### PARTIES' POSITIONS ON THE MOTION

Plaintiff claims that he is entitled to recover under the Master Policy's higher limits for "newly acquired" buildings which are "not at the described premises." Defendant contends that these higher limits do not apply because in fact the loss occurred at the "described premises."

In support of his position that he is entitled to recover up to the higher limits applicable for newly acquired property which is not at a described premises, plaintiff points to the fact that the Declaration page of the Master Policy does not specifically describe the location of the insured property. In the spaces below the words "Location," "Building" and "Address," the policy states: "As per Statement of Values on file." Accordingly, plaintiff urges, the subject property is not the "described premises"; rather, it is property located "not at a described premises." Moreover, plaintiff argues, the property qualifies as newly acquired property within the meaning of the policy because, although plaintiff had owned it for many years, the fraternity "acquired" its leasehold interest less than a month before the loss.

In support of its motion for summary judgment, defendant contends that the Declaration page and documents incorporated by reference therein unambiguously establish that the Tompkins Street property is the described premises. Defendant argues that by setting forth "As

per Statement of Values on file" in the space for location and address of the described premises, the Declaration page incorporates by reference the Statement of Values, which includes the Evidence of Property Insurance certificate issued by Kirklin on July 12, 2001.  This certificate identifies the Tompkins Street property as the described premises.  Thus, as a matter of law, according to defendant, the limits of coverage for the described premises apply.

## DISCUSSION

Under the Master Policy, in order to fall within the higher coverage limits plaintiff seeks, the property must not be at a described premises, and it must be newly acquired.  Based on the clear and unambiguous terms of the policy, the Court finds that the Tompkins Street property cannot satisfy these terms.  To the contrary, based on the clear and unambiguous terms of the policy, the Court finds that the Tompkins Street property is the described premises.

The Declaration page, by its incorporation of the Statement of Values under the heading, "Described Premises," specifies the Tompkins Street property as the described premises.  Defendant has established without contradiction that, pursuant to its internal procedures, the description of the Tompkins Street property became part of the Statement of Values within the meaning of the Declaration page once Kirklin issued the Evidence of Property Insurance.  Therefore, by setting forth "As per Statement of Values on file" in the space for location and address of the described premises, the Declaration page incorporates by reference the Statement of Values, which includes the Evidence of Property Insurance certificate issued by Kirklin on July 12, 2001.  This certificate identifies the Tompkins Street property as the described premises.  The other pertinent documents – the lease, the property insurance application and the property loss notice – are consistent with this construction of the Declaration page in every respect.  There

is no ambiguity.

In any event, even if the Court were to assume, as plaintiff argues, that the Statement of Values was not "on file" within the meaning of the Declaration page, this would not aid plaintiff. It would not transform the Tompkins Street property into property "not at a described premises." The Tompkins Street property is undisputedly the subject of the policy. The policy cannot reasonably be construed to refer to the property which is its sole insured premises as property "not at a described premises." Indeed, this would mean that there was no "described premises" whatsoever. The policy cannot reasonably be construed in this manner.

The conclusion that the policy cannot reasonably be construed to refer to the Tompkins Street property as "not at a described premises" is confirmed by a plain reading of the Declaration page in connection with the policy definition of newly acquired property. The only definition of newly acquired property which could apply here is "buildings [the insured] acquires at locations <u>other than</u> the described premises" (emphasis added). This clearly contemplates that the newly acquired property must be property which is distinct from and acquired in addition to the described premises. Under the plain meaning of the documents, then, if there is no described premises, there can be no newly acquired property. It follows that, if the Tompkins Street property is not the described premises, it is not newly acquired property, either. In other words, plaintiff's strained interpretation of the policy would result in the conclusion that it provided no coverage at all.

Defendant has demonstrated that it is entitled to a ruling in its favor as a matter of law. There are no material questions of fact. Accordingly, the Court holds that the applicable limits of coverage are governed by the portion of the Declaration page pertaining to "Described

Premises."

## CONCLUSION

It is therefore

ORDERED that defendant's motion for summary judgment is granted to the extent that it seeks a ruling that the limits of liability under the Master Policy for plaintiff's building, contents and rents are $550,000, $82,500, and $82,500, respectively, and otherwise denied.

IT IS SO ORDERED.

September 30, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge